**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4702**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MAURICE DUPREE STARNES, a/k/a Pree,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00042-FDW-DSC-9)

Submitted: August 29, 2017                Decided: September 8, 2017

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Dupree Starnes pled guilty, pursuant to a written plea agreement, to two drug charges. On appeal, Starnes' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether a sufficient factual basis supported the guilty plea; whether the Government should have moved for a downward departure; whether the district court erred when it sentenced Starnes and denied his motion for a downward variance; and whether Starnes received ineffective assistance of counsel. Starnes was advised of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

Prior to accepting a guilty plea, "the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). We review a "district court's finding of a factual basis for abuse of discretion, and will not find an abuse of discretion so long as the district court could reasonably have determined that there was a sufficient factual basis on the record before it." *United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) (internal quotation marks and citation omitted). The district court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

At the plea hearing, the parties did not dispute the factual basis filed with the plea agreement. Starnes admitted that he was involved in a drug conspiracy and that he committed the related drug possession offense, and he stated his agreement with the Government's factual basis. Furthermore, the Government recited the drug quantities

2

attributable to Starnes in accordance with the terms of his plea agreement. Although Starnes now challenges the veracity of statements that his co-defendants made to law enforcement officials, the factual basis identified other evidence that formed the basis for his criminal charges that did not rely on such statements. The record thus shows that the district court relied on a sufficient factual basis before accepting Starnes' guilty plea.

Starnes argues that the Government should have moved to reduce his sentence. A court, however, may remedy the Government's refusal to move for a reduction of sentence only if: (1) the Government has obligated itself in the plea agreement to move for a reduction, *United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir. 1991); or (2) the Government's refusal to move for a reduction was based on an unconstitutional motive, *Wade v. United States*, 504 U.S. 181, 185-86 (1992). The Government did not contractually obligate itself in the plea agreement to move for a downward departure. Additionally, Starnes does not identify, and the record does not reveal, that the Government refused to move for a reduction because of an unconstitutional motive. Accordingly, this claim fails.

Starnes next argues that he should have received a lower sentence. We review the reasonableness of a sentence for abuse of discretion. *United States v. Howard*, 773 F.3d 519, 527-28 (4th Cir. 2014). We first review the sentence for procedural error, such as improper calculation of the Guidelines range, failure to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selection of a sentence based on clearly erroneous facts, or failure to adequately explain the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). If, and only if, the sentence is procedurally reasonable do we consider its substantive

reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). In determining whether the district court properly applied a sentencing enhancement, we "review factual findings for clear error and legal conclusions de novo." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014).

The district court calculated the correct Guidelines range and afforded both parties an adequate opportunity to argue for an appropriate sentence before allowing Starnes an opportunity to allocute. The court's explanation for Starnes' sentence addressed several of the 18 U.S.C. § 3553(a) (2012) factors and was individualized and detailed. Starnes received a sentence at the low end of the applicable Guidelines range. Starnes does not identify any sentence enhancements that he received or that the district court erroneously applied. We conclude that Starnes' sentence is procedurally reasonable.

We next review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances." *Gall*, 552 U.S. at 51. We afford sentences that fall within the properly calculated Guidelines range, as here, a presumption of reasonableness, which "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Starnes questions the substantive reasonableness of his sentence by asserting that the district court erred when it denied his motion for a downward variance, which he requested based on his lack of criminal history, his difficult upbringing, and his efforts to earn a living for his family. *See United States v. Davis*, 855 F.3d 587, 596 (4th Cir. 2017) (reviewing denial of downward variance as part of substantive reasonableness of sentence).

4

The district court, while recognizing that the Guidelines are merely advisory, found no reason to issue a downward variance in this case. The court determined that a variance was not warranted due to the seriousness of Starnes' offense and the length of time in which he engaged in selling drugs. Moreover, the record reveals that the district court carefully considered the § 3553(a) factors before imposing the Guideline sentence of 108 months on each count, running concurrently. We therefore conclude that Starnes' sentence is substantively reasonable.

Finally, Starnes contends that he received ineffective assistance of counsel because he should have been allowed to review video and audio evidence in his case, his counsel did not adequately explain the facts or plea agreement to him, and his counsel should have moved to suppress certain evidence. We do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because the record does not conclusively show that counsel was ineffective, we decline to consider Starnes' claim.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Starnes' conviction and sentence. This court requires that counsel inform Starnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Starnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Starnes.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*